UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES B. GILL, SR.,

                        Plaintiff,

v.                                             Case No. 17-cv-97-pp

GREEN BAY POLICE DEPARTMENT,
R. CASEY MASIAK, KURT BRESTER,
NICHOLAS WALVORT, MICHAEL SCHARENBROCK,
AND PHEUCHI XIONG,

                        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A, DISMISSING DEFENDANT GREEN BAY POLICE DEPARTMENT, AND DIRECTING UNITED STATES MARSHAL TO SERVE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4**

---

Plaintiff Charles B. Gill, Sr., who is confined at the Brown County Jail, is representing himself. He filed a civil rights complaint under 42 U.S.C. §1983 alleging that the defendants violated his constitutional rights. Dkt. No. 1. This order resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee and screens the plaintiff's complaint.

**I.     REQUEST TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act applies to this case because the plaintiff is incarcerated. 28 U.S.C. §1915. The law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. Id. One of those

1

conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On January 23, 2017, the court assessed an initial partial filing fee of $23.73. Dkt. No. 5. The plaintiff paid that amount on February 17, 2017. Therefore, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filling fee and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

## II. SCREENING OF PLAINTIFF'S COMPLAINT

### A. Standard for Screening Complaints

The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity, or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court may dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the

grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Indeed, allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis set forth in Twombly to determine whether a complaint states a claim. Id. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not supported by facts "are not entitled to the assumption of truth." Id. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives *pro se* allegations, "however inartfully

pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.   Facts Alleged in the Complaint

The plaintiff alleges that on August 29, 2016, during a traffic stop in Green Bay, Wisconsin, defendant Green Bay Police Officers Kurt Brester and R. Casey Masiak slammed him on his head as they pulled him to the ground while he was trying to get out of the car. Dkt. No. 1 at 4. The officers used that degree of force because Officer Masiak told Officer Brester that the plaintiff had a screwdriver as a weapon. Id. They cuffed the plaintiff and searched him and the car, but they did not find a weapon. Id. at 4-5. "E.M.S." cleaned the blood and bandaged the plaintiff before he was transported to "headquarters." Id. at 5.

Once at headquarters, the plaintiff asked to use the restroom. Id. Defendants Officers Pheuchi Xiong, Michael Scharenbrock and Nicholas Walvort escorted him there. Id. While in the restroom, the plaintiff noticed that his head was still "bleeding profusely." Id. He asked Officers Xiong, Scharenbrock and Walvort for medical attention, but they ignored his request. Id.

After two hours and twenty-four minutes, Officer Brester took the plaintiff to St. Vincent Hospital, where his head was glued to stop the bleeding. Id. He then was medically cleared and taken to the Brown County Jail. Id.

The plaintiff seeks damages for the officers' deliberate indifference to his injuries, and for using unnecessary and excessive force.

4

C. Discussion

To determine whether an officer's use of force was reasonable under the Fourth Amendment, courts look at

> the severity of the crime; whether the suspect posed an immediate threat to the officers or others; whether the suspect was resisting or evading arrest; whether the individual was under arrest or suspected of committing a crime; whether the individual was armed; and whether the person was interfering or attempting to interfere with the officer's duties.

Dawson v. Brown, 803 F.3d 829, 833 (7th Cir. 2015), citing Padula v. Leimbach, 656 F.3d 595, 602 (7th Cir. 2011).The plaintiff has alleged that Officers Brester and Masiak used more force than was reasonable, given that he did not have a weapon. The court finds that, at this early stage in the case, the plaintiff has alleged sufficient facts to allow him to proceed on a Fourth Amendment excessive force claim against defendants Brester and Masiak.

To demonstrate deliberate indifference to a serious medical need, a plaintiff must show that his medical condition is "objectively, sufficiently serious," and that the officers "acted with a 'sufficiently culpable state of mind'" in failing to respond to the need. Holloway v. Delaware County Sheriff, 700 F.3d 1063, 1072 (7th Cir. 2012), citing Farmer v. Brennan, 511 U.S. 825, 834 (1994). The plaintiff has alleged that he was bleeding profusely, but that defendant Officers Xiong, Scharenbrock and Walvort did not seek medical attention for him (and ignored his requests for medical attention) for two and a half hours. The court finds that, at this early stage, the plaintiff has alleged sufficient facts to allow him to proceed on a deliberate indifference to a serious

5

medical need claim against Xiong, Scharenbrock and Walvort. The court assumes that, at the time the plaintiff asked these three defendants for medical help, no judicial officer had made a probable cause finding. Under that assumption, the plaintiff's deliberate indifference claim arises under the Fourth Amendment. See, e.g., Lopez v. City of Chicago, 464 F.3d 711, 719 (7th Cir. 2006) (the Fourth Amendment "governs the period of confinement between arrest without a warrant and the preliminary hearing at which a determination of probable cause is made . . . .").

The court will not allow the plaintiff to proceed against the Green Bay Police Department. "Sheriff's departments and police departments are not usually considered legal entities subject to suit." Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (collecting cases). See also, West By and Through Norris v. Waymire, 114 F.3d 646, 646-647 (7th Cir. 1997) (citations omitted). Under Wisconsin law, the sheriff's department is an arm of the County. See Abraham v. Piechowski, 13 F. Supp. 2d 870, 877-879 (E.D. Wis. 1998).

D.  Plaintiff's Request for Information

On February 21, 2017, the plaintiff filed a letter asking how to subpoena a video that proves his case. Dkt. No. 8. The plaintiff may request the video from the defendants through discovery. See Fed. R. Civ. P. 34. But the parties may not begin discovery until the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court will mail the plaintiff a *pro se* guide, Answers to Prisoner Litigants' Common Questions, along with this order. The guide contains information that may be helpful to the plaintiff.

## III. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DISMISSES** Green Bay Police Department as a defendant.

The court **ORDERS** the United States Marshal to serve a copy of the complaint and this order on the defendants under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshal Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

The court **ORDERS** that the defendants shall file a responsive pleading to the complaint.

The court **ORDERS** that the Brown County Sheriff shall collect from the plaintiff's prison trust account the $326.27 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each

time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Sheriff shall clearly identify the payments by the case name and number.

The court will mail a copy of this order to the Outagamie County Sheriff.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Court House
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case. Because the clerk will electronically scan and enter on the docket each filing when the clerk receives it, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should retain a personal copy of each document he files with the court.

If the plaintiff fails to file documents by the deadlines the court sets, the court may dismiss his case for failure to prosecute. The parties shall notify the clerk of court of any change of address. Failure to do so could result in orders

or other information not being timely delivered, which could affect the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 30th day of June, 2017.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**